NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRACE KEALOHA; DANIEL ARIAS, Jr., | No. 20-17430 |
| Plaintiffs-Appellants, | D.C. No. 1:19-cv-00274-DKW-WRP |
| v. | |
| WILLIAM J. AILA, Jr., Interm Director, Department of Hawaiian Home Lands; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted January 18, 2022**
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

The Department of Hawaiian Home Lands ("DHHL") administers a

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision

homesteading program on behalf of Native Hawaiians. *See* Hawaiian Homes Commission Act, 1920, 42 Stat. 108 (1921) (codified as amended at Haw. Rev. Stat. Ann., HHCA § 1 *et seq.* (West 2021)) ("HHCA"); HHCA § 202(a). Jacob Tanner, a Native Hawaiian, leased a tract of land from DHHL but soon failed to make the payments. Tanner agreed to transfer the lease to his sister, Grace Kealoha, and her partner, Daniel Arias, Jr. But before the transfer was finalized, DHHL cancelled the lease for delinquency and issued a notice of eviction.

Kealoha and Arias then filed suit under 42 U.S.C. § 1983 against the United States, the State of Hawaii, DHHL, the Hawaiian Homes Commission, and various DHHL officials and commissioners, alleging a violation of due process under the Fifth and Fourteenth Amendments of the United States Constitution. The district court granted summary judgment for the defendants. One week after summary judgment was granted, Kealoha and Arias obtained new evidence and filed a motion for reconsideration of summary judgment. The district court denied the motion.

Kealoha and Arias appeal the district court's grant of summary judgment and denial of reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), and a denial of a motion for reconsideration of

without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

summary judgment for abuse of discretion, *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). We affirm.

**1.** The district court correctly granted summary judgment for the defendants because Kealoha and Arias failed to establish a cognizable property interest in the lease. To bring a due process claim, a plaintiff must "have a legitimate claim of entitlement" to the deprived property under "existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 576–77 (1972). This generally requires a plaintiff to demonstrate that state law makes "the conferral of a benefit," such as the lease at issue here, "mandatory." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014) (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760 (2005)).

Kealoha and Arias contend they have a cognizable property interest in the lease in three ways. First, Kealoha and Arias claim that Tanner transferred the lease to them before it was cancelled by DHHL and thus they were the lessees at the time of cancellation. But this allegation is plainly refuted by the record. The lease cancellation order was dated May 17, 2017, while Kealoha and Arias' lease transfer application was dated June 1, 2017. Thus, the documentary evidence proves that DHHL cancelled the lease before Kealoha and Arias even completed their transfer application.

Still, Kealoha asserts in a declaration that "[i]n 2016, representatives of

3

DHHL informed us that our transfer application had been approved." But her statement is at odds with the record, including the pair's original complaint in which they alleged that they received the lease cancellation order from the defendants on May 29, 2017, before they completed their transfer application on June 1, 2017. Because Kealoha's declaration is contradicted by the record, her vague and self-serving statement does not create a genuine dispute of material fact. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Second, Kealoha and Arias argue their minor children had a property interest because the children were designated as "successors in interest" to the lease. But a successorship interest does not constitute a cognizable property right under Hawaii law. Under the HHCA, a lessee may designate a successor to his lease, but such interest only vests "[u]pon the death of the lessee," and the lessee maintains the right to "change the beneficiary at any time." HHCA § 209; *see also Kahalewai v. Rodrigues*, 667 P.2d 839, 843 (Haw. Ct. App. 1983) ("HHCA § 209(1) unequivocally . . . states that the lessee has the right to change such designated beneficiary at any time."). Kealoha and Arias have never claimed that Tanner is deceased, so the children's property interest remains unvested. And the children's successorship interest was not "mandatory" because it could be terminated at Tanner's discretion. *See Guillen-Cervantes*, 748 F.3d at 872.

Lastly, Kealoha and Arias claim they have an "equitable property interest"

in the lease because they made substantial financial investments in the property, lived on the property for several years, and relied on DHHL's assurances that the property would be transferred. Hawaii law, however, does not recognize such equitable property interests. Relevant provisions of the HHCA make clear that property interests are created by DHHL grant, not equity. *See* HHCA § 207(a) ("The department is authorized to lease . . . ."); § 208(5) ("The lessee shall not in any manner transfer . . . the lessee's interest . . . except . . . with the approval of the department."). Because Kealoha and Arias' alleged "equitable interest" is not recognized under Hawaii law, their due process claim fails. *See Roth*, 408 U.S. at 576–77.

**2.** We affirm the district court's denial of the motion for reconsideration because Kealoha and Arias failed to exercise due diligence in discovering the new evidence. A party moving for reconsideration under Rule 59(e) because of "newly discovered evidence" must show that "(1) the evidence was discovered after trial, (2) the exercise of *due diligence* would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Far Out*, 247 F.3d at 992–93 (emphasis added) (quoting *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000)).

After summary judgment, Kealoha and Arias obtained new evidence from

5

Michael Kahikina, a DHHL official. But Kahikina was a named defendant, so the pair were familiar with him since the start of litigation and could have earlier obtained the evidence through deposition or interrogatories. And they had ample time to do so, as the pair filed suit well over a year before summary judgment was granted. While perhaps it is understandable that Kealoha and Arias did not want to engage in costly discovery at an early stage of litigation, they still could have uncovered this new evidence with due diligence. Moreover, the COVID-19 pandemic provides no excuse, as the litigation commenced in May 2019, well before the onset of the pandemic in March 2020. For these reasons, the district court did not abuse its discretion in finding that Kealoha and Arias failed to exercise due diligence.

**AFFIRMED**.